### HIRAM H. JOHNSON *v.* JAMES H. JACKSON.

Where a vendor sells land, a part of the purchase-money being paid at the time of the sale, and notes are executed for the balance, and the vendor executed to the vendee a bond for title, to be conveyed " on the punctual payment of said notes," and the vendee went into possession : — *Held*, that the contract is mutual and dependent, neither party can insist upon a performance by the other, without performance or readiness to perform on his part. *Wadlington* v. *Hill*, 10 S. & M. 560 ; *Peques* v. *Mosly*, 7 Ib. 340 ; *Mobley* v. *Keyes*, 13 Ib. 678, cited and confirmed.

The vendor cannot abandon the contract and treat it as at an end, without refunding to the vendee the money he had paid in part performance of it : — *Held*, that in order to disaffirm a contract and entitle the party seeking to do so, to the rights resulting therefrom, both parties must be placed *in statu quo*.

There should have been an account taken of the amount of principal and interest due upon the notes given for the land, and a day should have been fixed for the payment of the purchase-money by the complainant into court, for the benefit of the parties entitled thereto : — *Held*, for this the decree was erroneous.

ON error from the northern district chancery court at Hernando ; Hon. Henry Dickinson, vice chancellor.

Healy and Whiting on the 4th day of January, 1850, sold a tract of land to one Irwin, who paid a part of the purchase-money for the land and executed his notes for the balance of the purchase-money, and received a bond for title from the vendors, and went into possession of the land. The bond for title is in the ordinary form, but contains the following condition : " Now if the said H. and W., trustees as aforesaid, shall on the punctual payment of said notes and all taxes legally assessed on said land, and the surrender to them of this instrument, convey or cause to be conveyed to the said J. E. P. Irwin, his heirs and assigns, the above-described premises, with warranty of title," &c.

On the 28th of February, 1851, after the purchase of the land and execution of the bond for title, Irwin conveyed his interest in trust to J. H. Jackson for the benefit of John Pryor, and which deed of trust was duly recorded ; but subsequent to this

Johnson *v.* Jackson.

conveyance, Irwin delivered up to the agent of H. and W. the said bond executed to him for title to the land. Afterwards, Healy and Whiting undertook to sell the land to Johnson, who paid a part of the purchase-money, and executed his notes for the balance to H. and W. Johnson, at the time of his purchase, had notice of the previous purchase by Irwin, and Johnson obtained a transfer of the title bond to himself which had been executed by H. and W. to Irwin, who had; subsequently to the execution of the deed in trust by him, assigned it to a third person.

The bill was filed by Jackson, as trustee of Pryor, against H. and W. and Johnson, and prays for a decree to compel a conveyance of the legal title to the land upon complying with the terms of the contract with Irwin, which he offers to do. A decree was rendered accordingly, and Johnson prayed a writ of error to this court.

*D. Mayes,* for appellant,

Contended that the decree should be reversed for the following reasons : —

1. The defendants Healy and Whiting, undertook to convey only on condition of punctual payment. And payment not having been punctually made, they had a right to disaffirm the contract and sell to Johnson. They would have had such right if the time had not been made essential by the terms of the contract. *Halaway* v. *Moore,* 4 S. & M. 594.

2. The decree is general, that the defendants Healy and Whiting convey the legal title to the complainant, on payment of the amount due by Irwin. It does not ascertain the amount. It fixes no time for payment; it allows no interest.

3. Johnson is to deliver possession .forthwith, whether payment be or be not made.

4. Johnson is to pay cost when the whole default is on the other side.

5. By the deed of trust the complainant had no right to ask a specific execution of the contract.

*J. H. Unthank* for appellee.

The possession of Irwin of the land, and he having a well-defined interest in the land, and Irwin's conveyance to Jackson of the equitable title, clothed Jackson with all such rights as Irwin had. H. and W. having held the legal title from Irwin to the time of the record of the conveyance to Jackson, they were affected by that conveyance, and could be treated as trustees holding the legal title for Jackson. 2 Story's Eq. § 784.

The court properly decreed that Johnson should surrender the possession of the land to Jackson. *Stone* v. *Buckner*, 12 S. & M. 73; 2 Story's Eq. § 789.

It is evident that Irwin attempted to perpetrate a fraud on the rights of Jackson as trustee, in assigning away to a third person the title bond to the land, when he had before that time conveyed away his interest in the land by the deed of trust. *Hines* v. *Baine*, S. & M. Ch. 530.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed in the district chancery court at Hernando.

The material facts of the case are, that one Irwin purchased the land in controversy in January, 1850, from Healy and Whiting, for which he paid $150 in cash at the time, and gave three promissory notes each for the sum of $190, payable in one, two, and three years, and received from the vendors a bond for title to be conveyed " on the punctual payment of said notes," and went into possession. In February, 1851, he executed a deed in trust conveying the land to Jackson as trustee for the use of Pryor, but subsequently he delivered up to the agent of Healy and Whiting the title bond, in derogation of the rights of Jackson, as trustee of Pryor. Afterwards Healy and Whiting undertook to sell the land to Johnson for $644, of which $100 was paid in money, and the balance secured by notes on time, and gave him a bond for title to be conveyed on the payment of the notes executed by him. It appears that Johnson had notice of the previous purchase, and that he purchased the land under the advice that, as Irwin had failed to pay his notes as they fell due, Healy and Whiting had the right to put an end to the contract. Johnson, therefore, made the purchase; and after the execution

of the trust deed by Irwin to Jackson, and with notice of it, he obtained a transfer of the title bond of Healy and Whiting to Irwin, from a third person, to whom Irwin had assigned it subsequently to the execution of the trust deed by him.

The bill is filed by Jackson as trustee for Pryor against Healy and Whiting and Johnson, and prays that they be decreed to convey the legal title to the land to the complainant, upon his complying with the terms of the contract of Irwin, which he offers to do.

A decree was rendered accordingly, from which this appeal is prosecuted by Johnson.

The ground on which the decree is alleged to be erroneous is, that Irwin, having failed to pay the notes for the whole of the purchase-money at their maturity, his vendors had a right to disaffirm the contract, and resume their proprietorship of the land, and make a resale of it.

We think that this position cannot be maintained under the circumstances of this case, for two reasons:—

First. The obligation of Irwin to pay the purchase-money must be regarded as dependent upon the duty of the vendors to convey the land, so far as to disable the vendors from putting an end to the contract, without a performance, or a valid offer to perform, on their part. In other words, the contract was a mutual and dependent one, and neither party can insist upon a performance by the other, without performance, or readiness to perform, on his part. This point has been repeatedly held by this court upon contracts similar to this, and in some cases where the essential terms are identical with those here used. *Wadlington* v. *Hill*, 10 S. & M. 560; *Peques* v. *Mosly*, 7 Ib. 340; *Mobley* v. *Keyes*, 13 Ib. 678. And it is in accordance with the just and well-established rule, which has also been sanctioned by this court, that covenants of this nature must be held to be mutual and dependent, unless a contrary intention clearly appears. *Liddell* v. *Sims*, 9 S. & M. 596.

Second. The vendors could not abandon the contract and treat it as at an end without refunding to the vendee the money he had paid in part performance of it. For it is a general rule, that in order to disaffirm a contract, and entitle the party to the

rights resulting therefrom, both parties must be placed *in statu quo.* It would certainly be unjust to permit the vendors, after having received part of the purchase-money from the vendee at the time of the contract, to put an end to the contract upon failure to pay the residue of the purchase-money, and to make a resale to a third person, without refunding the money paid, and without even tendering performance on his part.

We think, therefore, that the decree is correct, and it is affirmed in its principal feature. But there should have been an account taken of the amount of the principal and interest due upon the notes of Irwin for the purchase-money, and a day fixed for the payment thereof by the complainant into court, for the use and benefit of the parties entitled thereto; upon compliance with which by the complainant, the vendors, Healy and Whiting, should have been decreed to convey to the complainant, for the uses and purposes declared in the trust deed to him, the lands and premises in controversy, and that the defendant Johnson should also, upon such payment into court, deliver possession of the premises to the complainant for the uses and purposes aforesaid; and upon failure by the vendors to make such conveyance, that the same should be made by a commissioner to be appointed for that purpose. '

The decree is reversed, and the cause remanded to the court below, with directions that it be proceeded with in conformity with this opinion; the appellant to pay the costs.