YOUNG J. HARRINGTON v. JOEL A. PINSON.

1. BILL FOR SPECIFIC PERFORMANCE, PARTIES.—If the obligor in a bond conditioned to make title to land, treat the contract as at an end, by conveying the legal title to a third person, the obligee cannot maintain a bill against such third person for a specific performance of the contract : he should proceed against the obligor if alive, and if dead, against his heirs.

2. SAME.—The purchaser of the legal title from a vendor, who has previously contracted by title bond to convey to another person, is not a proper party

Harrington *v.* Pinson.

against whom a bill for specific performance should be filed by the vendor in the title bond. He is a stranger to the contract, and in no way bound to convey by the terms of the title bond.

IN error from the District Chancery Court, at Fulton. Hon. Henry Dickinson, vice chancellor.

*C. B. Baldwin,* for plaintiff in error.

*Weatherall* and *Wilson,* for defendant in error.

PER CURIAM.—This bill is filed by the plaintiff in error, for a specific performance of a contract to convey certain lands, executed by Joel Pinson, as agent for Anderson & Saffarans, to the complainant. After the contract was entered into, Joel Pinson obtained a deed to himself, for the lands, and was the holder of the purchase-money notes, and acted in the transaction as the vendor of the lands. Some time after, the notes for the purchase-money became due, and they remaining unpaid, Joel Pinson undertook to treat the contract as rescinded, and proceeded to convey the land by deed to Richard A. Pinson, to whom some months thereafter, the complainant tendered payment of the notes, which was refused.

The only defendant to the bill, is Richard A. Pinson, who is not shown the by pleadings, to be in any wise bound by the title bond executed by Joel Pinson, as agent for Anderson & Saffarans.

The facts of the case, would seem to bring it within the principles stated in *Johnson* v. *Jackson,* 27 Miss. 498, and *Billamy* v. *Shelter,* 26 Ib. 250, if the bill had been filed against Anderson & Saffarans, and the heirs of Joel Pinson. But, inasmuch as the only party who is made a defendant is Richard A. Pinson, and it is not shown that he is bound to a specific performance of the bond to convey the premises, or that he occupies any other attitude that of a mere stranger who had purchased the lands from Joel Pinson, the bill could not be maintained against him, and was properly dismissed.

Decree affirmed.