APRIL TERM, 1856.

JESSE B. WALTON et al. *v.* JAMES M. WILSON.

1. VENDOR AND VENDEE: RESCISSION OF CONTRACT.—The vendor of land, who has executed a bond to make title, upon payment of the purchase-money, cannot elect to abandon the contract, upon the mere failure of the vendee to pay the purchase-money, without having made a valid offer to perform his part of the contract. See *Johnson* v. *Jackson,* 27 Miss. R. 498.
2. CONTRACT: TIME, WHEN ESSENCE OF.—Time is not generally considered as of the essence of a contract, unless the parties have expressly so treated it, or it necessarily follows from the circumstances of the contract.
3. VENDOR AND VENDEE: INABILITY OF VENDOR TO CONVEY TITLE.—It is a sufficient excuse, for the vendee not paying the purchase-money at the stipulated time, in cases where the covenants to pay and to convey title are mutual and dependent, that the vendor was unable to convey title according to his covenant; and his failure, under such circumstances, will not prevent him from afterwards insisting upon the vendor's performing his contract.

APPEAL from the District Chancery Court of the Middle District. Hon. S. S. Wright, vice chancellor.

In addition to the facts stated in the opinion of the court, it is only necessary to set out the condition of the title-bond of Wilson, which is as follows:—

"The condition of the above obligation is such, that whereas the above bound J. M. Wilson has this day sold unto the said Walton and Saffold, a certain tract of land lying in the county and state aforesaid, and known as the east half of the south-east quarter of section five, of township fifteen, of range three, east, containing eighty acres, more or less; and I, the said J. M. Wilson, do hereby bargain, sell and deliver unto the said Walton and Saffold, the above-named tract, or parcel of land, with all the appurtenances thereunto belonging, together with all the right, title, and interest of myself, my heirs and assigns: Now, if the above bound J. M. Wilson, shall, upon the receipt of the sum of three hundred dollars, one-half due the 1st day of January, 1852, make or cause to be made to the said Walton and Saffold, a good and sufficient

Walton et al. *v.* Wilson.

title to the above named land, then this bond to be void; otherwise to remain in full force and virtue."

The bond was dated the 19th December, 1850.

*J. M. Dyer*, for appellant.

1. The payment for the land, and the making of a deed and conveyance of title, were to be concurrent acts. Neither party had a right to demand performance from the other, without a performance on his part, or an offer to perform. *Pynes* v. *Mosby*, 7 S. & M. 340; *Hill* v. *Waddlington*, 10 Ib. 560; *Mobley* v. *Keyes*, 13 Ib. 677.

2. Wilson had a defective title, and was unable to convey according to his contract; he was therefore in default, and Walton and Saffold could either elect to proceed with, or abandon the contract. 2 Story, Eq. Jur. § 779; see also *Matlock* v. *Buller*, 10 Ves. 315; 2 White & Tudor, Lead. Cas. in Eq. 24.

3. In this case, time is not of the essence of the contract. The parties have not so expressed it. *Hudson* v. *Bartram*, 3 Mad. 444; *Newman* v. *Rogers*, 4 Brown, C. C. 393; 2 Story, Eq. Jur. § 776; *Fletcher* v. *Wilson*, 1 S. & M. Ch. R. 376; *Decomp* v. *Feay*, 5 S. & R. 328; *Runnels* v. *Jackson*, 1 How. 358; *Longworth* v. *Taylor*, 1 M'Lean, R. 375; 14 Peters, 372; *Mason* v. *Wallace*, 3 M'Lean, 148; 7 Ves. 273; 11 Paige, 352; 9 Johns. R. 350.

*W. Brooke*, for appellee.

This case comes fully within the decision in the case of *Holloway* v. *Moore*, 4 S. & M. 594. The appellants, by failing to pay their note when due, for the reason, as they allege in their bill, that they knew Wilson could not make them a good title, virtually abandoned the contract; such action on their part amounted to nothing more nor less than an abandonment; for had they wished to insist upon the fulfilment of the contract, it was their duty to have tendered the money when due, and demanded a performance on Wilson's part, by the execution of a sufficient deed. But neglecting to do this, for the reason given by themselves, they thereby treated the contract as at end, *eo instanti*. Wilson was released; and the contract being thus once abandoned, the appellants could not thereafter at their option, revive it, and consider it as

VOL. I.—37

still continuing. Wilson had also the right to consider the contract at an end, on failure to pay, according to the case above cited. *Hatch* v. *Cobb*, 4 J. C. R. 559; *Kemphill* v. *Stone*, 5 Ib. 193; *Benedict* v. *Lynch*, 1 Ib. 370; see also Sug. Ven. (7th ed.) ch. 8, § 1, 359, 360, 361; 2 Story, Eq. § 776, in note.

The bill seeks not to enforce performance of the contract originally made between the parties, but asks the court to make a new one. Conscious that their right had lapsed, by reason of their failure to make a tender at the day, the appellants ask that they now be permitted to take such title as the appellee can make. Having failed to place themselves in a position to demand a performance of the contract as originally made, they wish the court to modify it, so as to grant them something less. It is evident, as remarked before, that by failing to make a tender because they thought no title could be made, they virtually abandoned the contract. They had no right to inquire into the title until they were prepared and offered to pay. See further, *Liddell* v. *Sims*, 9 S. & M. 612, latter part of the opinion. 1 Peters, 465.

HANDY, J., delivered the opinion of the court.

The substance of the bill in this case is, that the appellants purchased of the appellee, a tract of land, for the price of three hundred dollars, for which they executed their notes for one half, to be paid 1st January, 1851, and the other half 1st January, 1852, and the appellee executed to them his bond, conditioned to make a good and sufficient title, upon the payment of the purchase-money, due on the notes. The appellants paid the first note, and on the maturity of the second note, they believed that the appellee was absent from home, and therefore did not tender payment of it until the 16th of January, 1852. They then tendered the principal and interest to the appellee, but he refused it, and afterwards brought ejectment against them to recover the land, without having refunded the money paid, or offered to perform the contract on his part, by executing a conveyance. The bill also states facts which show that the title of the appellee was defective, and that he was unable to make a title agreeably to his bond. The prayer was for an injunction against the action of ejectment, and that the

appellee execute a deed according to his *bond*, upon the payment of the balance of the purchase-money and interest.

To this bill, the appellee filed a demurrer, which was sustained, and the bill dismissed.

The only question necessary to be now considered is, whether the mere failure of the purchasers to pay the second instalment of the purchase-money, at its maturity, justified the vendor in treating the contract as at an end, without further steps in relation to it; and we are clearly of opinion that it did not, under the circumstances stated in the bill.

In the first place, it is not a case in which time can be said to be of the essence of the contract. The terms of it do not make it a contract of that character; and the rule is, that "time is not generally deemed in equity, to be of the essence of the contract, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract." 2 Story, Eq. Jur. § 776.

Nor does it fall within that class of cases, where time not being of the essence of the contract, yet the party for a great length of time fails to comply with his part of the agreement and may, therefore, be considered as having abandoned it. The tender was made in twelve or fifteen days after the maturity of the note, when there had been no change of circumstances affecting the character or justice of the contract, and nothing shown which could render the performance of the contract injurious to the vendor or others.

In *Holloway* v. *Moore*, 4 S. & M. 600, it is said, "if the vendee failed to pay at the time stipulated, the vendor had a right to consider the contract at an end." We *apprehend* that this was said with reference to that particular case, and that it was not intended to lay down the broad rule, that upon failure of the vendee to pay at the stipulated time, the vendor may immediately put an end to the contract, without doing anything else to put the vendee in default. For the authority referred to as sustaining the principle stated, shows that in that case the vendor repeatedly called on the vendee for payment, after his original default, and he refused, and then, the vendor, after giving notice to the vendee of his intention, sold the land to a third person.

The rule which has been held by this court in cases like the present, where the contract is one of mutual and dependent covenants, is, that the vendor cannot put the vendee in default, without a performance or a valid offer to perform on his part, *Johnson* v. *Jackson*, 27 Miss. 498. Much less, can he put an end to the contract without an offer to perform, simply because the vendee has failed to pay the money at the stipulated time.

In the next place, the bill shows that the vendor was unable to complete the contract by making *such* a title as he had agreed to make. This is admitted by the demurrer, and as the promise to pay was dependent upon the agreement to convey a good title to the land, it was a sufficient excuse for the failure of the vendee, that the vendor was unable to perform his contract. Yet this would not preclude the vendee, if he thought proper to do so, from afterwards insisting upon the performance of the vendor's contract. It might be otherwise, if the vendor had *tendered* performance, and it had been refused; for that would have placed the vendor in default. But he did nothing by which he lost any right which existed under the contract against the vendee.

We are of opinion, that the facts stated in the bill clearly entitled the appellant to the relief sought, and that it was error to sustain the demurrer.

Decree reversed, and cause remanded, and the defendant below required to answer within sixty days.