## FREEMAN v. GRISWOLD.

### No. 19,157; October 4, 1893.

#### 34 Pac. 327.

**Vendor and Vendee.—A Covenant in an Agreement to Convey** land, which provides that on noncompliance by the purchasers with the terms as to payment the seller shall be free from any obligation to convey, and the purchasers shall forfeit all right thereto, time being made of the essence of the contract, authorizes the seller to avoid the contract or not, at his option, and he is not bound to tender a deed except on payment of the price.

**Vendor and Vendee.—Where a Land Contract Provides That,** on Noncompliance by the purchaser with the terms as to deferred payments, the seller shall be free from any obligation to convey, and the purchaser shall forfeit all rights thereunder, except a right to occupy the premises as a tenant of the seller so long as the sums paid are equivalent to an annual rent equal to twelve per cent per annum of the price agreed on, with the right to purchase during such time, the seller, by bringing an action to recover the unpaid price, waives his right to treat the agreement to convey as void, and hence this clause, giving a right of occupancy for a certain time to the purchaser, which was to apply only in case of forfeiture, has no application.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by Daniel Freeman against Daniel Griswold. From a judgment for plaintiff, defendant appeals. Affirmed.

J. R. Dupuy, E. H. Bentley and R. Dunnigan for appellant; Henry Bleecker and Geo. I. Cochran for respondent.

SEARLS, C.—This is an action on a written contract entered into between the assignor of plaintiff and defendant for the sale and purchase of real estate, and is brought to recover a balance of $5,863.24 on account of the purchase price, and interest from August 2, 1887, at ten per cent per annum. Plaintiff had judgment, from which, and from an order denying a motion for a new trial, defendant prosecutes this appeal.

By the agreement which was entered into on the second day

of August, 1887, R. F. Lotspeich, trustee, agreed to sell, and defendant, Daniel Griswold, agreed to buy, certain lots of land situate in the county of Los Angeles, at specified prices per acre, the purchase price of which amounted in the aggregate to $8,194.90. Of the purchase price defendant paid $2,331.66 at the execution of the agreement, and agreed to pay a like sum at the expiration of six months, and the residue at the end of one year from the date of the agreement, with interest at ten per centum per annum. That portion of the agreement which gives rise to the principal contention here follows, and is in the following language: "In the event of a failure to comply with the terms hereof by the said party of the second part, the said party of the first part shall be released from all obligation in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, except a right to occupy such premises as a tenant of party of the first part so long as the sums paid are equivalent to an annual rent equal to twelve per cent per annum of the purchase price agreed on, and party of the second part shall have the right to purchase at any time during the continuance of said rental at original price and twelve per cent interest. And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, agrees to execute and deliver to said party of the second part, or to his assigns, a good and sufficient deed in form of grant, bargain and sale. Time is the essence of this contract, and it is understood that the stipulations aforesaid apply to and bind the heirs, executors, administrators and assigns of the respective parties." No payments have been made upon the contract except the $2,331.66 paid at the date of its execution.

According to the complaint and findings of the court, defendant asked for and received from Lotspeich an extension of time for payment of the residue of the purchase price until on or about December 10, 1889, when defendant refused to pay then or at any time, repudiated the contract, and declared himself no longer bound thereby. January 4, 1890, Lotspeich transferred, assigned, and conveyed the land and his interest in the agreement to the plaintiff herein. At the trial it was stipulated "that the contract set out in the complaint was admitted, and the assignment as set out in the complaint was

admitted, . . . . and the sole issue was stipulated to be as
to the extension of time and waiver, as set out in the com-
plaint.'' The cause was tried January 27, 1891. It is highly
probable, judging from the foregoing stipulation, that the de-
fendant at the trial sought to bring himself within the purview
of the rule enunciated in Cleary v. Folger, 84 Cal. 316, 18 Am.
St. Rep. 187, 24 Pac. 280, to the effect that where time is
made the essence of a contract for the sale of land, which
contract provides for the execution of a deed at a given day
upon the payment of a certain sum of money, and also provides
for a forfeiture, and that in the event of a failure by the
purchaser to comply with the terms of the contract the seller
shall be released from all obligations to convey, and the pur-
chaser shall forfeit all right thereto, then, and in such a case,
the covenants to convey and to make payment are mutual and
dependent, and, if neither party tenders performance on his
part, or demands performance from the other on the day fixed,
the contract is at an end, and cannot thereafter be enforced
by either party. The covenants and agreements in the case
at bar are, in effect, precisely similar to those set out in the
agreement in Cleary v. Folger, supra, except as to the proviso
here that the purchaser might become a tenant of the seller,
and might subsequently purchase at the same price, but with
an added rate of interest. Cleary v. Folger, so far as it held
that in the absence of payment by the purchaser the seller was
bound to tender a deed on the precise day named in the con-
tract, and that, failing to do so, he could not thereafter, upon
tender of a deed, recover the purchase money remaining un-
paid, was not in conformity with the law as previously de-
clared in like cases, and was to the extent indicated directly
overruled in the later case of Newton v. Hull, 90 Cal. 487, 27
Pac. 429, decided after the case at bar was tried, upon an
opinion concurred in by a majority of the commissioners who
participated in the opinion in Cleary v. Folger. We must
hold here, as was held in Newton v. Hull, supra, and in Wil-
coxson v. Stitt, 65 Cal. 596, 52 Am. Rep. 310, 4 Pac. 629, as
well as many others that might be cited, that a covenant in
an agreement to convey land which provides that, in the event
of a failure to comply by the purchasers with the terms as to
payment, the seller shall be released from all obligations in
law or equity to convey the land, and the purchaser shall for-

feit all right thereto, time being made of the essence of the contract, is a covenant for the benefit of the vendor, and must be construed as authorizing him to avoid the contract or not, at his option, and does not authorize the vendee to take advantage of his own neglect in making payment and avoid such contract. It may be said here as was said in Newton v. Hull, supra: There is no provision in the agreement that the plaintiff should forfeit his right to the purchase money in case the defendant should fail to pay it on or before the day on which it became due, nor in case he failed to tender a deed on that day, or at any time before the defendant tendered payment of the purchase money. Plaintiff was not bound to tender a deed, except upon a tender of the purchase money: Smith v. Mohn, 87 Cal. 489, 25 Pac. 696; Wilcoxson v. Stitt, supra. Plaintiff could only be put in default by a tender of the purchase money and failure to deliver a deed, and as there is no claim that any such tender of purchase money was ever made we are bound to conclude that the plaintiff is entitled to recover under the contract, unless inhibited therefrom by the exception contained therein, which provides that upon a failure, etc., the party of the second part shall forfeit all right thereto (to the property), except a right to occupy the premises as a tenant of the party of the first part so long as the sums paid are equivalent to an annual rent of twelve per cent per annum of the purchase price agreed to be paid, with the right on his part to purchase the land at any time during such tenancy at the price originally agreed upon, with interest thereon at twelve per cent per annum. This clause is certainly peculiar. So far as we know, it is sui generis, and is probably an outgrowth of the boom period in which it originated. Twelve per cent per annum on $8,194.90, the purchase price, would amount to $983.38 per annum, according to which calculation defendant would have been entitled to hold as a tenant, with the privilege of purchasing, for say twenty-eight months. A careful examination of this clause in connection with the provision of forfeiture of which it is a part, and to which it is an exception, leads to the following conclusions:

1. If defendant failed to make payment of the purchase money as called for by the agreement, his vendor was at liberty

to declare a forfeiture, refuse a conveyance and retain the money already paid.

2. If the vendor declared such forfeiture, and refused a conveyance, defendant had a right, although he had not paid in full, to enter as a tenant, and to purchase, as hereinbefore specified.

3. If the vendor waived a forfeiture, as under a covenant for his own benefit he might well do, the exception, which only applied in case of forfeiture, had no application.

4. The vendor, by bringing an action to recover the purchase money remaining due and unpaid, waived his right under the contract to treat his agreement to convey as null and void, and hence the exception, which only applied in case of forfeiture, had no application.

If we are in error in these views of the force and effect of the contract, it still remains to be said that, the exception in the clause providing for a forfeiture being for the benefit of defendant, and in the nature of an option, he was at liberty to avail himself of or to reject it, at his pleasure. According to the complaint and findings, which are supported by the testimony, he did repudiate the contract, and there is not in his answer or in the testimony any suggestion that he ever entered into possession as a tenant of his vendor, or claimed any right or evinced any desire so to do. It follows from these views that the demurrer to the amended complaint was properly overruled, and that the contentions of appellant upon the same questions as presented at the trial by numerous exceptions cannot be maintained. The assignment to plaintiff is averred in the complaint and not denied by the answer. There was evidence in support of the findings, and it can serve no useful purpose to refer to them in detail. The judgment and order appealed from should be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.