## YOUNG H. ABERCROMBIE and ALICE ABERCROMBIE, Respondents, v. J. M. STODDARD and HANNAH B. STODDARD, Appellants.

[228 Pac. 232.]

CONTRACT FOR SALE OF REAL PROPERTY—FORFEITURE—DEED OF CONVEYANCE—ABSTRACT OF TITLE—TENDER—TAXES—INTEREST—DEMURRER—EVIDENCE—INSTRUCTIONS.

1. The stipulation in a contract for the sale of real property, whereby A. agrees to furnish S. an abstract of title showing clear title, with the exception of a certain mortgage, and to execute and deliver a deed upon the payment of the final instalment of the purchase price, are mutual, dependent and concurrent stipulations.

2. Where the stipulations in a contract for the sale of real property are mutual, dependent and concurrent, an actual tender and demand by one party is necessary to put the other party in default, or to cut off his right to treat the agreement as still subsisting.

3. In all contracts for the sale of real property, where time of payment by the vendee is of the essence of the contract, the vendor is required to make tender and offer to comply with the stipulations to be performed by him before the vendee can be put in default.

4. A ground of forfeiture alleging that taxes for the year 1920 were delinquent on March 21, 1921, is not sustained by the evidence where it is shown that the first half of the taxes for 1920 had been paid, the remaining half not becoming delinquent until the fourth Monday in June, 1921, as provided by C. S., sec. 3234.

5. Forfeitures are not favored either in equity or in law, and provisions for forfeiture are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced.

6. Where a contract provided that the vendees should pay the interest on a mortgage "when payment is required by the mortgagee" an allegation that they refused to pay the interest is not supported by the evidence where it is not shown that a demand for payment of the interest was made by the mortgagee.

7. An assignment of error based upon the refusal of the court to give a proffered instruction cannot be considered where such instruction is not contained in the record.

8. Where several grounds of forfeiture are alleged in the complaint, the verdict on any one of which would entitle plaintiff to the relief prayed for, and a general verdict is rendered in favor of the plaintiff, an error in the admission of evidence or in the giving of instructions on any one of the grounds will necessitate a reversal for the reason that it cannot be ascertained upon which particular ground the jury found, and if only upon one it may be that such incompetent evidence or erroneous instructions resulted in such verdict.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action in ejectment. Judgment for plaintiffs. *Reversed.*

M. I. Church and C. H. Hartson, for Appellants.

"Where by the terms of the contract the covenants for conveyance and payment of the purchase price are concurrent, mutual, dependent, the vendor cannot rescind for nonpayment of the purchase money at the time stipulated unless he tenders a conveyance in accordance with the provisions of the contract, and demands performance of the purchaser." (39 Cyc. 1376, notes; *Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711; *Walsh v. Coghlan,* 33 Ida. 115, 190 Pac. 252; *Boone v. Templeman,* 158 Cal. 290, 139 Am. St. 126, 110 Pac. 947; *Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; *Martin v. Roberts,* 127 Iowa, 218, 102 N. W. 1126; *Hill v. Grigsby,* 35 Cal. 656; *Reese v. Westfield,* 56 Wash. 415, 105 Pac. 837, 28 L. R. A., N. S., 956; 29 Am. & Eng. Ency. of Law, 2d ed., pp. 686–689; *Michigan Home Colony Co. v. Tabor,* 141 Fed. 332, 72 C. C. A. 480; *Coughran v. Bigelow,* 164 U. S. 301, 17 Sup. Ct. 117, 41 L. ed. 442; *Ewing v. Wightman,* 167 N. Y. 107, 60 N. E. 322; *Todd v. State Bank of Edgewood,* 182 Iowa, 276, 165 N. W. 593; *Sims v. Spelman,* 209 Mo. App. 186, 232 S. W. 1071; 27 R. C. L., sec. 168, p. 454.)

"So far as the question of time is concerned, both parties, after the day provided for the consummation, may be considered equally in default; and neither can hold himself discharged from the obligation of complete performance

until he has tendered performance on his own side, and demanded it of the other.'' (39 Cyc. 1377, and notes; *Frink v. Thomas*, 20 Or. 265, 25 Pac. 717, 12 L. R. A. 239; *Stein v. Waddell*, 37 Wash. 634, 80 Pac. 184.)

''The default as to time may be waived by the conduct of the other party; as, by acts recognizing the contract as subsisting, by receiving payment, or by continuing the negotiations.'' (36 Cyc. 717, and notes; *Papesh v. Wagnon*, 29 Ida. 93, 157 Pac. 775; *Hilton v. Hanson*, 101 Me. 21, 62 Atl. 797; *Titus v. Glenn Falls Ins. Co.*, 81 N. Y. 419; *Claudius v. West End Amusement Co.*, 109 Mo. App. 346, 84 S. W. 354; *Clark v. West*, 193 N. Y. 349, 86 N. E. 5; *Gray v. Perry*, 25 Or. 1, 34 Pac. 691, 38 Pac. 1091.)

''A forfeiture is a harsh remedy and will not be allowed except upon clear proof of the breach of the terms of the contract upon which such forfeiture shall be declared.'' (*Harris v. Reed*, 21 Ida. 364, 121 Pac. 780; *King v. Seebeck*, 20 Ida. 223, 118 Pac. 292; *Cue v. Johnson*, 73 Kan. 558, 85 Pac. 598; *Forest City Ins. Co. v. Hardesty*, 182 Ill. 39, 74 Am. St. 161, 55 N. E. 139; *Knickerbocker Life Ins. Co. v. Norton*, 96 U. S. 234, 24 L. ed. 689; *Knarston v. Manhattan Life Ins. Co.*, 124 Cal. 74, 56 Pac. 773; *Robinson v. Cheney*, 17 Neb. 673, 24 N. W. 378.)

''When a case is close in its facts, or when there is a conflict in the evidence on a vital point in the case, the rights of parties cannot be preserved unless the jury are accurately instructed. An instruction which has a tendency to, and probably did, mislead the jury when taken singly, is erroneous, even though the instructions, when taken together, embrace the law of the case.'' (1 Brickwood & Sackett, Instructions, sec. 191, and notes; 38 Cyc. 1602, and notes.)

''Instructions should not only be correct in law, but pertinent to the issues involved.'' (1 Brickwood & Sackett, Instructions, sec. 172, and notes; 40 Cyc. 252, and notes.)

Where vendor declares forfeiture when unauthorized, purchaser may treat such act as abandonment of contract by vendor, and sue for return of purchase money

paid as money had and received. (*Lemle v. Barry*, 181 Cal. 6, 183 Pac. 148; *Kerr v. Reed*, 39 Cal. App. 11, 179 Pac. 399.)

J. C. Johnston and Gustave Kroeger, for Respondent.

The vendee under a contract of purchase, when sued in ejectment, must show and establish that he was not in default in performing the stipulations and provisions of the contract of purchase, and that he has fully performed them. (39 Cyc. 1894; Warvelle on Ejectment, p. 153, sec. 146; 39 Cyc. 1889; 27 R. C. L., sec. 375; *Haile v. Smith*, 128 Cal. 415, 60 Pac. 1032; *Wolter v. Dixon*, 29 Ida. 26, 157 Pac. 250; *Wallace v. Maples*, 79 Cal. 433, 21 Pac. 860; *Hoffman v. Remnent*, 72 Cal. 1, 12 Pac. 804; *Crane v. United States National L. Ins. Co.*, 56 Tex. Civ. 406, 120 S. W. 1098; *Gregg v. Phue*, 1 Wall. (U. S.) 274, 17 L. ed. 536; 19 C. J. 1084, 1085; *Howard v. Hewitt*, 139 Cal. 614, 73 Pac. 414; *Connolly v. Hingley*, 82 Cal. 642, 23 Pac. 273.)

"Where a party goes into possession under a contract of purchase, and makes default, he is liable to be turned out in an action of ejectment, and in such action by the vendor against the vendee, the latter can only defend his possession by showing a performance of the contract on his part, and that he is not in default." (*Rose v. Perkins*, 98 Mo. 253, 11 S. W. 622; *Home Mfg. Co. v. Gough*, 2 Ill. App. 447; *Hall v. Winn*, 60 Ga. 337; *Knox v. Pratt & Burnett*, 19 Fla. 817; *Cleveland v. Aldridge*, 94 Ark. 51, 125 S. W. 1016; *Sowle v. Holdredge*, 17 Ind. 236; *Coughran v. Bieglow*, 9 Utah, 260, 34 Pac. 51; *Grey v. Tubbs*, 43 Cal. 359.)

"If the purchaser under an option contract, containing provisions making time the essence thereof, fails to make payment within the time therein specified or within the time to which such contract may have been definitely extended, his rights under the contract expire, and the owner of the property is under no further obligations either to accept the final payment or to give a deed." (*Virginia Mining Co. v. Haeder*, 32 Ida. 240, 181 Pac. 141; 39 Cyc., pp. 1340–1605; *Johnson v. Sekor*, 53 Wash 205, 101 Pac.

829; *McAdams v. Felkner,* 140 Cal. 354, 73 Pac. 1064; *Papesh v. Wagnon,* 29 Ida. 94, 157 Pac. 775; *Gervaise v. Brookins,* 156 Cal. 110, 103 Pac. 332; *Garvey v. Barkley,* 56 Wash. 24, 104 Pac. 1108.)

"Where by the terms of a contract time is of the essence thereof, and the giving of a deed and payment of the purchase money are not mutual, concurrent and dependent covenants, the tender of a deed is not a condition precedent to the right of the vendor to rescind the contract for non-payment of the purchase money or an instalment thereof at the time stipulated." (39 Cyc., pp. 1369–1376; *De Bernardi v. McElroy,* 110 Mo. 650–657, 19 S. W. 626; 39 Cyc. 1330; *Beck v. Payne,* 34 Ida. 408–413, 202 Pac. 569.)

"Where a vendee fails to perform an obligation that is a condition precedent in a contract of purchase of land, the vendor may rescind without tendering a deed." (*Papesh v. Wagnon,* 29 Ida. 93, 157 Pac. 775; *Bruschi v. Quail Min. etc. Co.,* 147 Cal. 120, 81 Pac. 404; *Freeman v. Griswold,* 4 Cal. Unrep. 256, 34 Pac. 327; *Hotalling v. Hotalling,* 47 Barb. (N. Y.) 163; *Devlin v. Williamson,* 9 Watts (Pa.), 311.)

"A written agreement for valuable consideration, extending the time within which payment upon such contract may be made to a definite date, does not operate as a waiver of the provision in the contract making time the essence thereof." (*Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170; *Prairie Development Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Gervaise v. Brookins,* 156 Cal. 110, 103 Pac. 332; *Rishar v. Shields,* 26 Ida. 616–621, 145 Pac. 294; *McAdams v. Felkner, supra; Cash v. Meisenheimer,* 53 Wash. 576, 102 Pac. 429; *Bowers v. Bennett,* 30 Ida. 188, 164 Pac. 93; 39 Cyc., p. 1395; *Lent v. B. & M. R. R. Co.,* 11 Neb. 201, 8 N. W. 431; *Lainer v. Foust,* 81 Tex. 186, 16 S. W. 994.)

"Where by the terms of the contract time is of the essence of the contract for the sale of real property, the vendor will not be required to notify the vendee of his intention to declare a forfeiture unless payments are made in accordance with the provisions of said contract, before

said vendor can insist upon and enforce a forfeiture of said contract." (*Papesh v. Wagnon, supra; Burnette v. Caldwell,* 9 Wall. (U. S.) 290, 19 L. ed. 712; Warvelle on Ejectment, sec. 71, p. 81; *Prairie Development Co. v. Leiberg, supra.*)

BUDGE, J.—On November 17, 1919, respondents entered into a contract in writing with appellants for the sale of certain real and personal property situated in Boise. The agreed purchase price was $10,250. Five thousand dollars of this amount was paid at the time. Two thousand five hundred and fifty dollars with interest thereon at the rate of seven per cent per annum, was to be paid on or before one year from December 1, 1919, and the remainder was to be paid by appellants' discharge of a certain mortgage, the specific covenant being:

"It is understood and agreed that there is now a mortgage of Twenty-five Hundred and no/100 ($2500.00) Dollars against the above described property due and payable to Mary Sonna of Boise, Idaho, and the second parties hereto hereby assume and agree to pay the said mortgage when payment is required by the mortgagee with interest thereon at the rate of Seven (7%) per annum from this date."

In addition there were the following covenants:

"And the said parties of the second part agree to pay all state, school and county taxes, or assessments of whatsoever nature, which are levied on the premises above described, for the year 1920 and thereafter. In the event of a failure to comply with the terms hereof, by the said parties of the second part, the said parties of the first part shall be released from all obligation in law or equity to convey said property, and said parties of the second part shall forfeit all rights thereto, and all payments made on said property. And the said parties of the first part, on receiving such payment at the time and in the manner above mentioned, agree to execute and deliver to the said parties of the second part or to their assigns, a good and

sufficient warranty deed to said premises free from all incumbrances, and it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties.

"It is agreed that time is the essence of this agreement. The first parties agree to deliver to the second parties an Abstract of Title for the above property showing title vested in them, free and clear of any and all incumbrances suffered by the said first parties except the above mentioned mortgage and the unpaid balance due for city improvements, but with all yearly assessments thereon fully paid for the year 1919 and prior and to deliver title to same by proper warranty deed, when the full purchase price shall have been paid as herein agreed."

Appellant having failed to pay the instalment of $2,750 falling due December 1, 1920, the respondent, Y. H. Abercrombie, on December 8, 1920, accepted a payment of $189 interest thereon, and delivered to appellants his receipt in words and figures as follows:

"$189.00.        Boise, Idaho, Dec. 8, 1920.

"Received from J. M. Stoddard the sum of One Hundred Eighty-nine and no/100 Dollars as payment of interest on the sum of $2700 due me on sale of my residence property for the year ending December 1, 1920, payment of said sum of $2700 is hereby extended to the 15th day of March, 1921, on the understanding and agreement that the interest payable on said sum shall be at the rate of ten per cent per annum.

"Y. H. ABERCROMBIE."

It will be noticed that the sum specified is $2,700 instead of $2,750 as provided by the contract, but inasmuch as both parties have pleaded the sum of $2,750 and also recited it in their briefs, it will be assumed that the respondents intended to extend payment of the full sum. Appellants failed to make the payment required on March 15, 1921, and on March 21st following respondents caused to be served upon them a written notice of forfeiture and demand for possession. Shortly thereafter and within the month

they commenced this action to eject appellants from the premises. In their complaint they alleged that appellants had failed to pay the taxes, the interest due on the Sonna mortgage and the final payment of $2,750 and interest as agreed, and they plead their notice of forfeiture and demand for possession served upon appellants on March 21st. Appellants demurred generally and specially, the special demurrer alleging:

"That said amended complaint is ambiguous, unintelligible and uncertain in that it fails to allege or set out in the notice of forfeiture that defendants were given any time whatsoever in which to comply with the terms of the contract or a forfeiture would be declared; that no place in the said amended complaint does plaintiff allege the tender of a deed and abstract showing clear title with the exception of the mortgage on said premises at the time of the alleged sale."

The demurrer was overruled and appellants answered denying any default on their part, and affirmatively pleading that respondents had given them an extension of time for thirty or sixty days beyond said March 15, 1921, which time had not expired at the time of the service of the notice of forfeiture; that prior to filing such answer they had tendered respondents in writing an offer to pay the last instalment with interest, and all other sums found to be due under the contract and extension; that they were ready and willing to pay all such sums; that respondents had failed to satisfy a certain judgment against the property as provided in said contract, and had also failed to deliver to them the abstract as agreed or to tender them a deed. On these issues the cause was tried before a jury, resulting in verdict and judgment for respondents. An appeal has been taken, specifying numerous errors. Appellants contend that their demurrers should have been sustained, insisting that the conditions of the contract as to payment and delivery of deed and abstract were mutual, concurrent and dependent covenants; and that before a forfeiture could be had or fully

plead, it was incumbent upon respondents to make a tender and plead the same.

Under the terms of the contract the vendors agreed to execute and deliver the deed on receiving such payment at the time mentioned. This identical language employed in a similar contract was construed by the California court in *Freeman v. Griswold,* 4 Cal. Unrep. 256, 34 Pac. 327, to be mutual and dependent with the covenant of payment. The same verbiage received a like construction in *Cleary v. Folger,* 84 Cal. 316, 18 Am. St. 187, 24 Pac. 280. This court so construed the expression "upon the payment" in *Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965. A leading case supporting this construction is *Hill v. Grigsby,* 35 Cal. 656. The concluding paragraph of the contract here in question asserts that the vendors will deliver abstract of title "when the full purchase price shall have been paid as herein agreed." Unquestionably this means "immediately after," "as soon as." Webster defines "When" as "at what time," "at, during or after the time that," "at or just after," "the moment that." In *Hill v. Grigsby, supra,* where time was of the essence, the court held that a covenant to "execute a deed to" the vendee "as soon as" the purchase price was paid was mutual and dependent. And this court so held in *Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294, where abstract and deed were to be delivered upon the completion of the contract. To hold in the case at bar that the covenant of payment was a condition precedent to the delivery of the abstract and deed and was so to be understood by the parties would be to outrage common sense. As was said in *Kessler v. Pruitt, supra*:

"It is not reasonable to suppose that a party purchasing real property, where the contract provides for an abstract of title, would be required to pay the purchase money, and depend thereafter upon the seller discharging the encumbrances and procuring and delivering to him abstract of title."

This principle is strongly supported by the supreme court of Iowa in *Martin v. Roberts,* 127 Iowa, 218, 102 N. W.

1126. The covenants being mutual, the respondents could not declare a forfeiture until they had tendered the deed and abstract. (*Kessler v. Pruitt, supra; Hill v. Grigsby, supra; Walsh v. Coglan,* 33 Ida. 115, 190 Pac. 252.) In the latter case this court said:

"The record discloses that all the unpaid instalments of purchase price were due at the time the action was commenced. Therefore, in order to be in a position to demand a forfeiture of appellant's interest, or to waive it and recover judgment for the purchase price, it was necessary for respondents to allege and prove they tendered a deed conveying the property to the purchasers, together with an abstract showing title as mentioned in the contract."

In the minority opinion in that case the rule is stated to the same effect as follows:

"The omission to plead or prove a tender of the deed and abstract, which were to be delivered upon the completion of the payments specified in the contract, deprived respondents of the right to claim a forfeiture thereof."

In the case of *Frink* v. *Thomas,* 20 Or. 265, 269, 25 Pac. 717, 719, 12 L. R. A. 239, in the course of that opinion it is said:

"As a general rule, a party who asks for the rescission of a contract for the sale of real estate must be himself without fault, and when, as in this case, the payment of the purchase money and the making or tender of the deed are to occur simultaneously, they are regarded as mutual and concurrent acts, which disable either party from putting an end to the contract, without performance or a valid offer to perform on his part, and so far as the question of time is concerned, both parties, after the day provided for the consummation, may be considered equally in default, and neither can hold himself discharged from the obligation of complete performance, until he has tendered performance on his own side and demanded it on the other. (*Powell v. Railroad Co.,* 14 Or. 356, 12 Pac. 665; *Knott v. Stephens,* 5 Or. 235; *Rummington v. Kelley,* 7 Ohio, pt. 2, 97.)

"When the vendor insists that the vendee is in default, to such an extent as to entitle him to have the contract rescinded, he must allege and prove that he has tendered to the vendee a deed conveying to him all the land according to the terms of the agreement, and demanded performance on the part of the vendee, and must have notified him that the contract would be rescinded unless purchase money was paid within a reasonable time. The mere failure to pay the purchase money according to the terms of the agreement will not be held a repudiation of the contract so as to authorize a suit by the vendor to have it rescinded. (*Gregg v. English*, 38 Tex. 139; *Johnson v. Jackson*, 27 Miss. 498; 2 Warv. Vend. 849, 880.)

"Ordinarily, in a contract of this character, the vendee is entitled to a deed conveying to him the entire land according to agreement, as soon as the purchase money is paid, and he is under no obligation to pay the money except on receipt of the deed. The obligation of the defendant to pay the purchase money is dependent on the duty of the plaintiff to convey the land, so far as to disable him from putting an end to the contract, without performance or a valid offer to perform on his part. (*Walker v. Wilson*, 30 Miss. 576.) In this case plaintiff does not allege or claim that he ever offered to perform the contract on his part, and without such an allegation, this complaint fails to state a cause of suit against the defendant for a rescission of the contract, nor is he under such a complaint, entitled to a decree for specific performance."

In the case of *Marshall v. Gilster*, 34 Ida. 420, 428, 201 Pac. 711, 713, it is said:

"In the contract between appellant and respondents the expression that, 'upon payment or tender of the purchase price to respondents, they shall execute and deliver to appellants a good and sufficient warranty deed' might make it appear at first blush that payment is a condition precedent. The expression in the preceding paragraph that 'appellants agree to receive said property and pay the balance of the purchase price on or before September 17, 1917,' makes it

appear that the conditions are concurrent. In case of doubt and where it can be done without doing violence to the language of the contract, the courts hold that the conditions of payment and conveyance are concurrent. (2 Williston on Contracts, sec. 835; *San Diego Construction Co. v. Mannix,* 175 Cal. 548, 166 Pac. 325.) That is the construction which we place upon the contract in this case.''

We think the rule to be correctly stated in the case of *Reese v. Westfield,* 56 Wash. 415, 419, 105 Pac. 837, 838, 28 L. R. A., N. S., 956, where it is said:

''We desire now for the sake of certainty to lay down the rule that where land is sold under a time contract calling for payment by instalments, and every instalment has been paid except the last one, the vendor may, if he act with reasonable promptness, declare a forfeiture, unless by the terms of the contract he has agreed to perform some act necessary to the complete performance of his agreement, as, for instance, the giving of an abstract or the tender of a deed, in which event his power to forfeit depends upon his offer and ability to perform; for, as this court has said, his duty to tender performance depends upon, and is concurrent with, the duty of the vendee to meet the final payment.''

Other authorities to the same effect might be added but we deem it unnecessary.

While we are of the opinion that the complaint did not state a cause of action for the reason that respondents failed to allege that they had complied with the terms of the contract as to the tender of an abstract and deed, it was admitted upon the trial that the terms of the contract in this respect were not complied with. It follows, therefore, that the respondents neither alleged a cause of action nor proved one that would entitle them to a forfeiture by reason of the failure on the part of appellants to pay the $2,750 on the 15th day of March, 1921. However, it is insisted that the complaint stated a cause of action by reason of the failure of appellant to pay the 1920 taxes as provided for in the contract and that such taxes were delinquent at the time of the forfeiture on March 21, 1921. We think the complaint

stated a cause of action in this respect and the court did not err in overruling the general and special demurrers. However, we think there was a failure of proof as the evidence showed that the first half of the taxes for 1920, due and payable on the fourth Monday of December, 1920, under the provisions of C. S., sec. 3234, were paid by appellant. The second half of the taxes for 1920 were payable up to and including the fourth Monday of June, 1921, and did not become delinquent till after that date. This action was brought in March, 1921, long prior to the time the second instalment of taxes would become delinquent. The failure to pay the taxes as alleged in the complaint was not supported by the proof, and the taxes were not delinquent within the terms of the contract and failure to pay them could not be urged as a basis for forfeiture.

The complaint alleged that appellants "refused to make the payment of the interest due upon the mortgage payable to Mary Sonna of Boise, Idaho, as provided in said contract." However, the contract introduced in evidence by respondents at the trial contains the covenant that the Sonna mortgage together with the interest should be paid by the vendees "when payment is required by the mortgagee." Inasmuch as the complaint fails to allege that demand for payment was made by the mortgagee it is insufficient in this respect and subject to demurrer. However, there being several breaches of the contract relied upon, if any one of them constitutes a ground for forfeiture the complaint stated a cause of action and was not subject to a general demurrer. The special demurrer was properly overruled for the reason that the complaint was not unintelligible, uncertain and ambiguous.

Forfeitures are not favored either in law or in equity, and provisions for forfeitures are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced. Courts are reluctant to declare and enforce a forfeiture, if by reasonable interpretation it can be avoided. (6 R. C. L., p. 906.)

After the introduction of the contract, respondents sought to sustain the allegations of nonpayment of the mortgage interest by the introduction of testimony by the mortgagee that she had notified appellants of the maturity of the interest, and that it had never been paid by them. This testimony was admitted over appellant's objection. Under the terms of the contract, the vendees were obligated to pay this interest only when required by the mortgagee. In the absence of such requirement, they were not in default for failure to pay it when due. Respondents did not ask to amend, and the evidence clearly inadmissible went to the jury on an issue not raised in respondents' complaint. (*Sweeney v. Johnson*, 23 Ida. 530, 130 Pac. 997.) It may be said that such error was cured by the general verdict, but it must be remembered that respondents relied on separate breaches, a favorable finding on any one of which would have supported the verdict. It is impossible to determine upon which of the separate issues the jury found. On the interest issue no evidence should have been before the jury at all. On the issue involving the payment of taxes there was no conflict, respondents having admitted that the first half of the taxes for 1920 had been paid. On the issue of tender there was no conflict, respondents having admitted that they did not tender a deed or abstract. The jury may have returned its verdict upon the interest issue after having found for appellants on the others. The general rule is that, where several issues are presented in one count, a general verdict will be sustained. But this rule fails when error is committed in the admission of evidence on any issue. This exception is positively announced in *Maryland v. Baldwin*, 112 U. S. 490, 5 Sup. Ct. 278, 28 L. ed. 822, where Justice Field declared:

"On the trial evidence was introduced bearing upon all the issues, and, if any one of the pleas was, in the opinion of the jury, sustained, their verdict was properly rendered, but its generality prevents us from perceiving upon which plea they found. If, therefore, upon any one issue error was committed, either in the admission of evidence, or in

the charge of the court, the verdict cannot be upheld, for it may be that by that evidence the jury were controlled under the instructions given.''

Appellants complain of the court's refusal to give their proffered instructions. No such instructions appear in the record. However, the court instructed the jury that:

''The jury are instructed that under the law of this state that where time is made the essence of a contract of sale of real property and the contract of purchase provides for forfeiture if the terms and stipulations are not complied with by the purchaser and the purchaser has made default in the payment of the purchase money as stipulated and provided in the contract or any extension thereof to a fixed and definite date agreed upon by the parties, and if you so find under the evidence in this case, then you are instructed that no notice to quit nor any demand of the amount due or of possession of the property or tender of a deed or abstract of clear title to the property was necessary upon the part of the plaintiffs in this case, nor was it necessary for the plaintiffs in this case to give the defendants any notice of the amount due under the contract nor to give the defendants any further time in which to make payment of the amount due under the contract.''

In view of what has been said this instruction is erroneous and the court erred in giving the same.

The brief argues insufficiencies of the evidence without any specifications of insufficiency, and concludes with a plea that this court find in damages for appellants on what appears to be a cross-complaint in the record. Jury duty is no province of an appellate tribunal. Neither is there place in an ejectment suit for a cross-action in damages based on a breach of contract. The remaining specifications of error are without merit.

The judgment should be reversed and the cause remanded, and it is so ordered. Costs are awarded to appellants.

William A. Lee, J., concurs.

Dunn, J., concurs in conclusions reached.

WM. E. LEE, J., Dissenting.—It is fundamental that the judgment or decree of a district court is presumed to be regular and valid and that the burden of establishing error is upon the one who asserts it. (*Hill v. Porter,* 38 Ida. 574, 223 Pac. 538.) This court has said that it will not wade through a record and search the law bearing upon the subject to determine if error was committed. (*Bain v. Olsen, post,* p. 170, 226 Pac. 668.) In my judgment that is what has been done by the majority. The reasons assigned for reversing the lower court are not before this court. Appellant does not specify as error the giving of the instruction which the majority holds is an incorrect statement of the law. The insufficiency of the evidence to sustain the verdict is not assigned as error; yet the majority hold that there was a failure of proof with respect to the delinquency of taxes. This court has frequently and uniformly refused to consider alleged errors not properly assigned in the brief. (*Merrill v. Fremont Abstract Co., post,* p. 238, 227 Pac. 34; *Morton Realty Co. v. Big Bend I. & M. Co.,* 37 Ida. 311, 218 Pac. 433; *Hill v. Porter, supra; McDonald v. North River Ins. Co.,* 36 Ida. 638, 213 Pac. 349; *Hurt v. Monumental Mercury Mining Co.,* 35 Ida. 295, 206 Pac. 184.) I see no reason for departing from the established practice.

I am authorized to say that Chief Justice McCarthy concurs with me in this view.

Petition for rehearing denied.