(No. 4881.   April 5, 1928.)

JOHN M. STODDARD and HANNA B. STODDARD, Husband and Wife, Respondents, v. YOUNG H. ABERCROMBIE and ALICE ABERCROMBIE, Husband and Wife, Appellants.

[266 Pac. 431.]

Gustave Kroeger and Harry Keyser, for Appellants.

Clarence T. Ward and H. S. MacMartin, for Respondents.

TAYLOR, J.—Plaintiffs, respondents, brought this action to recover the amount paid by them as vendees under a contract for the purchase of real estate. Defendants appeal from the judgment and from an order denying a motion for new trial.

The parties entered into a contract November, 1919, by which plaintiffs agreed to buy, and defendants to sell, certain real estate, plaintiffs to pay $5,000 down, which was paid, and $2,750 with interest at 7 per cent, on or before December 1, 1920, and to assume and pay a mortgage

thereon of $2,500, "when payment is required by the mortgagee with interest thereon at the rate of seven (7%) per cent per annum from this date," and "to pay all state, school and county taxes, or assessments of whatsoever nature, which are levied on the premises above described, for the year 1920 and thereafter," and in the event of "failure to comply with the terms hereof, . . . . forfeit all rights thereto, and all payments made on said property." The defendants agreed, "on receiving such payment at the time and in the manner above mentioned," to execute and deliver a good and sufficient warranty deed to the premises free from all encumbrances, and to deliver an abstract showing title vested in them "free and clear of any and all encumbrances suffered by (them), except the above mentioned mortgage and the unpaid balance due for city improvements but with all yearly assessments thereon fully paid for the year 1919 and prior, and to deliver title to same by proper warranty deed, when the full purchase price shall have been paid as herein agreed." The contract specified "that time is the essence of this agreement."

Upon December 8, 1920, the date of the final payment was extended to the fifteenth day of March, 1921. Plaintiffs failed to pay or tender the principal sum, or any sum, on March 15, 1921, and upon March 21, 1921, the Abercrombies served notice of forfeiture and cancellation of the contract, and a demand for possession of the premises, and thereafter commenced the action in ejectment resulting in *Abercrombie v. Stoddard*, 39 Ida. 146, 228 Pac. 232.

After the decision in that case this action was instituted. The only material allegations of the complaint were the contract; the original payment of $5,000; the extension of time to March 15, 1921; plaintiffs' alleged compliance with the contract up to the repudiation; and the repudiation, which was alleged in that, upon March 21, 1921, without right and without tendering a deed or abstract, defendants repudiated their contract, served notice of forfeiture, started action in ejectment, and forcibly ejected plaintiffs; and a

prayer for judgment in the amount of the original payment, $5,000, and interest from March 21, 1921. While there is considerable controversy presented on issues made by the answer as to plaintiffs' failure to pay the mortgage and interest and sewer assessments and taxes, they need not be discussed herein. Upon June 24, 1921, plaintiffs served a written tender and offer of payment and upon August 24th a second one. The sufficiency of these offers is contested but need not be determined. They may be assumed as sufficient. The complaint was drawn upon the theory, and at the trial the plaintiffs were permitted to prevail, and their case to go to the jury, upon the theory that the holding in *Abercrombie v. Stoddard, supra,* was decisive that the Abercrombies, not having tendered a deed, could not maintain the ejectment suit, and that their failure to tender a deed after plaintiffs' failure to make the final payment upon the date due relieved plaintiffs of and prevented their being in default. The issues framed for the jury assumed that the plaintiffs were not in default upon the main payment, and that the only questions at issue were defaults upon the matters of payment of interest, sewer assessments and taxes.

The court gave the following instruction contended to be erroneous:

"You are instructed that plaintiffs have never been in default in the payment of the purchase price itself, since defendants never tendered the deed and abstract."

The answer tendered an issue upon this default. The theory upon which the court tried the case and the foregoing instruction were erroneous.

The inability of the Stoddards to make payment on March 15, 1921, was not discussed in *Abercrombie v. Stoddard, supra,* as an issue or ground or excuse for failure to tender a deed. In fact, the answer therein tendered an issue that defendants had been given an extension of sixty days beyond March 15, 1921, to make payment, had made a full tender, and were ready and willing to pay. The mere failure to pay and the failure of the Abercrombies to

tender a deed before bringing an action in ejectment were discussed there as in issue. If, upon an issue tendered therein, it had been determined that the Stoddards were unable upon that date to pay, as well as having failed to pay, the tender of a deed would have been held a useless ceremony, just as the tender of a final payment to a vendor unable to convey is an idle and unnecessary ceremony, and would not have prevented a rescission by the vendor any more than would the latter instanced circumstance. (*Sorensen v. Larue,* 43 Ida. 292, 252 Pac. 494.) The decision in *Abercrombie v. Stoddard* goes no further than that, with no issue of pleading tendered, or finding of inability of a vendee to have paid if a deed had been tendered, a vendor cannot maintain an action for rescission of a contract in which final payment and delivery of a deed are mutual and dependent covenants to be performed at the same time, without tendering a deed.

Although Stoddard's testimony and other evidence that he had a talk with Abercrombie about March 15, 1921, and informed him that he could not pay the money at that time, might have had reference to a date prior to March 15th, he further testified that he was not in position, on March 15, 1921, to make the payment, did not offer or tender the money on that date, and did not have it to tender. This would have made Abercrombie's tender of a deed an idle ceremony, and his failure to tender a deed did not prevent Stoddard from being in default.

A vendee who, being himself in default, brings an action for rescission, fails because of his own default, and, his evidence showing his inability to have made the payment if a deed were presented, he cannot, by a later tender, absolve himself from his own default, and place or claim the vendor in default for his having failed to tender a deed, which, of itself, would be an idle ceremony, as much as would a tender of payment to a vendor unable to convey title. (*Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711; *Richards v. Jarvis,* 41 Ida. 237, 238 Pac. 887; *Sorensen v. Larue, supra;* 2 Warvelle on Vendors, 2d ed., sec. 925.)

The judgment and order of the lower court denying a new trial are reversed. It appearing that the plaintiffs can in no event prevail, it is therefore ordered that the cause be remanded, with instructions to dismiss the action. Costs to appellants.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.