HUSTON, J.
This is an action brought by plaintiff against defendant, as administrator of the estate of Hiram A. Pear-sons, deceased, for the value of services, alleged to have been rendered and performed by the plaintiff for the decedent during Ms lifetime, and at his special instance and request. The appeal is from the order of the district court, overruling defendant’s motion for new trial. The record purports to contain a bill of exceptions and statement on motion for a new trial. The bill of exceptions was never (as appears by the record) submitted to, settled or signed by, the district judge, and cannot, therefore, be considered by this court as such.
One of the grounds of error upon which defendant predicates his motion for a new trial, and his appeal from the order of the district court denying the same, is the insufficiency of the evidence to support the verdict. The claim or demand sued upon in this action is for services alleged to have been performed by the plaintiff for the defendant during his lifetime, and at his special instance and request. The facts, as they appear from the record, are substantially as follows: The decedent, Hiram A. Pearsons, and one J. G. Morrison, were the owners of, and were engaged in working and operating, certain mines and a mill, located at Bonanza, Custer county, Idaho, in the year 1888. Morrison was present and attending in person to said operations and working. Pearsons was not present or personally attending to said operations or working, but on or about August 9, 1888, he employed the plaintiff, as the evidence shows, to go to said mines and mill, and look after his interests — in fact to represent him there — and gave the plaintiff the following letter, addressed to'his (decedent’s) partner, which letter was received in evidence without objection, and is as follows:
*115 “Challis, Idaho, Aug. 9, 1888.
“J. G. Morrison, Esq., Bonanza, Idaho.
“Dear Sir: The bearer, Irad Meinert, I have retained to look after our mill and milling business, and for the better discharge of his duties, which are to commence at once, I wish that any man he may suggest the removal or employment of will be entertained by you. I shall expect him to have the freedom of our mines, books and business, and, so long as he draws his entire salary from me, to be subject only to removal by me. Instructions as to his duties I have given him. Trusting that he will meet with a courteous reception from you, I am, tYours, etc.,
“H. A. PEARSONS.”
James Hooper testifies that Pearsons told him that “he was going up that afternoon to hire Meinert to look after his interests until the next summer.” Hooper further testifies: “I knew Meinert was sent in there afterward. He was there directly afterward.” Meinert was permitted to testify, without objection, as follows: “Pursuant to the employment indicated in that letter, I went to the mines and mills of Morrison and Pearsons, and went to work in the mill. Mr. Morrison was there, and I continued until Mr. Morrison interfered with my employment of the men. After that I told him he could take charge of the men; that I would have nothing more to do with them. I remained there, looking after Mr. Pearsons’ interests in the business until the time of his death, July 20, 1889.” Plaintiff’s counsel here offered in evidence the following telegram, received by plaintiff from Pearsons:
“Chicago, 111., June 7th, 1889. “Irad Meinert, Bonanza, Idaho, via Ketchum:
“I will leave in about a week, direct for the mine.
“H. A. PEARSONS.”
To the introduction of which defendant objected, upon the ground that it was irrelevant and immaterial, which objection was overruled by the court, and which ruling is assigned as error by appellant. From the character of the employment of *116 plaintiff, as indicated by the letter from Pearsons to Morrison and the testimony of Meinert, we think the admission of the telegram was proper, as tending to show that such relation had .continued up to that date. The plaintiff further testified, without objection, that “from the eighth day of August, 1888, to the twentieth day of July, 1889 (the date of Mr. Pearsons’ death), he did not leave his employment; and that he had not been discharged by Mr. Pearsons; and that he was not under any employment of, or under any contract of, Mr. Morrison. He had no understanding with Morrison whereby Morrison was to keep his time or pay him. He had no control whatever over my wages or time.” The only evidence which the record shows on the part of the defendant was the testimony of J. G-. Morrison, the partner of Mr. Pearsons, who testified that plaintiff brought to him the letter from Pearsons, given above; that plaintiff worked ninety-eight days, and no’ more. Although, as we have before stated, the record does not purport to contain all of the evidence, we think from that shown there is a clear preponderance in favor of the verdict. The appellant contends that “there was and is no legal evidence of a price for plaintiff’s services.” The plaintiff, as required by statute, presented to the administrator his claim against the estate of Pearsons, setting forth the time of service and the price, as he alleges* agreed to be paid him by Pearsons for such service. The administrator assented to the price, but refused to allow plaintiff for more than ninety-eight days’ service, which action of the administrator was subsequently approved by the probate judge. This was an admission by the administrator of the amount per month agreed by Pearsons to he paid plaintiff; and, having been made by the administrator while engaged in the discharge of his duties as such, it binds the estate to that extent. (Church v. Howard, 79 N. Y. 415; Faunce v. Gray, 21 Pick. 243; Whiton v. Snyder, 88 N. Y. 306; Hill v. Buckminster, 5 Pick. 391; 7 Am. & Eng. Ency. of Law, 374.) We find no error in the instructions given by the court, or in its refusal to give those proposed. As all the questions raised by defendant’s exceptions to the refusal of the district court to give the instructions asked have been passed upon by us in the consideration of the case as *117 given, it is unnecessary to again repeat them. The order of the district court overruling the appellant’s motion for a new trial is affirmed. Costs awarded to respondent.
Sullivan, C. J., concurs.
Morgan, J., did not sit in this case.