Sullivan, C. J., and Stockslager, J.. concur.

---

(June 8, 1903.)

## VAN METER v. SQUIBB.
[72 Pac. 884.]

STATEMENT ON MOTION FOR NEW TRIAL—SETTLEMENT OF.

1. Under the provisions of section 4441, Revised Statutes, the attorneys for the respective parties cannot settle and certify statement on motion for a new trial. Only the judge or referee is authorized to settle and certify such statement.

(Syllabus by the court.)

APPEAL from District Court of Bingham County. Honorable J. C. Rich, Judge.

Motion to dismiss appeal. Motion granted.

S. C. Winters, for Appellants, cites no authorities on the point decided by the court.

N. H. Clark and Clark & Holden, for Respondent.

Respondent contends that this appeal is open to dismissal for the following reasons: 1. So-called statement on motion for new trial has never been filed and is not a part of the records of the court where the cause was originally tried nor part of the record in this cause. (Idaho Code Civ. Proc., secs. 3519, 3546,)

2. So-called statement has never been settled, allowed, signed or certified to by the judge of the court who tried this cause or the judge before whom the motion for a new trial was made. (Idaho Code Civ. Proc., secs. 3519, 3526; *Meinert v. Snow,* 2 Idaho, 112, 27 Pac. 677; *Hyde v. Harkness,* 1 Idaho, 623; *Steffy v. Esler,* 6 Idaho, 225, 55 Pac. 239; *Machado v. Kinney,* 135 Cal. 354, 67 Pac. 331.)  3. As far as the record shows, statement was never used on motion for a new trial and is not part of judgment-roll. (Idaho Code Civ. Proc., sec. 3528.) 4. So-called statement does not designate the grounds of the motion nor any errors relied upon, nor has said statement any specifications of error attached thereto. (Idaho Code Civ. Proc., sec. 3526.)  5. Record on appeal does not show any filing of intention to move for new trial or motion for new trial. (*Purdy v. Steele,* 1 Idaho, 216; *Penny v. Nez Perce County,* 4 Idaho, 642, 43 Pac. 570.)  6. Copy of notice of appeal has never been served. Notice of appeal herein being served December 8, 1902, same being filed December 9, 1902. Notice of appeal not filed is no notice. (*Slocum v. Slocum,* 1 Idaho, 589.)

SULLIVAN, C. J.—This is a motion to strike out the statement and dismiss the appeals. The appeals are from the judgment and from the order denying a new trial.

The transcript contains what purports to be a statement on motion for a new trial, which statement has not been settled by the judge but merely certified by the respective attorneys.

Section 4441, Revised Statutes, requires the statement to be settled and signed by the judge or referee. As that was not done, the statement must be stricken from the transcript. This disposes of the appeal from the order denying a new trial as that appeal is based on said statement.

There appearing no error on the face of the record the judgment must be affirmed, and it is so ordered.

Costs are rewarded to respondent.

Stockslager and Ailshie, JJ., concur.