(June 27, 1904.)

## HAYS v. CRUTCHER.

[77 Pac. 620.]

APPEAL—EVIDENCE—STIPULATION OF ATTORNEYS—BILL OF EXCEPTIONS—STATEMENT.

1. Evidence contained in transcript and not saved by bill of exceptions or statement allowed by court or judge, cannot be considered on the appeal.

2. Under the following stipulation of counsel, to wit: "It is hereby stipulated between counsel for the respective parties in this case that the same shall be heard before the supreme court at the May term thereof upon this transcript, all questions of time of service being hereby waived," *held,* that the evidence contained in the transcript cannot be considered on the appeal, as it was not saved by bill of exceptions or statement settled by the judge.

(Syllabus by the court.)

APPEAL from the District Court of Ada County. Honorable George H. Stewart, Judge.

Action to recover an official bond. Nonsuit granted at close of plaintiff's evidence, and judgment entered dismissing the action. Judgment affirmed.

Jo. W. Huston, for Appellant, cites no authorities upon the point decided.

Hawley & Puckett, for Respondents.

What is before the court on this appeal? Counsel for appellant has in his brief argued the case upon the testimony, and the testimony is set forth in the transcript. (Folios 52-104.) This testimony, we urge, is not properly before the court and we have moved to strike it from the transcript. A compulsory judgment of nonsuit rendered on motion of defendant must be appealed from as a final judgment ending the suit. (2 Ency. of Pl. & Pr. 106.) Error in granting a nonsuit is error of law, and when it is excepted to and specified as such, may be reviewed on appeal, without any specifications of particulars wherein the evidence was insufficient. (*Hammond v. Wallace,* 85 Cal. 522, 20 Am. St. Rep. 239, 24 Pac. 837; *Schroeder v. Schmidt,* 74 Cal. 459, 16 Pac. 243; *Donahue v. Gullaven,* 43 Cal. 576; *Cravens v. Dewey,* 13 Cal. 42; *La Lande v. McDonald,* 2 Idaho (Hasb.), 307, 13 Pac. 347.) Upon an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, the judgment-roll and of any bill of exceptions or statement in the case upon which appellant relies. (Rev. Stats., sec. 4818.) To entitle a bill of exceptions to be considered in this court it must be settled and signed by the district judge. (*Meinert v. Snow,* 3 Idaho, 112, 27 Pac. 677.) All exceptions will be taken as waived unless the matters so excepted to are assigned as errors in this court. (*Purdy v. Steel,* 1 Idaho, 216.)

Per CURIAM.—This is an appeal from the judgment alone and under section 4818, Revised Statutes, brings up the judgment-roll and all bills of exceptions or any statement of the case upon which the appellant relies. The transcript in this case contains the pleadings, judgment and notice of appeal; also what purports to be a certified copy of the judgment-roll from the circuit court of the United States, within and for the district of Idaho, in the case of the *United States v. James I. Crutcher et al.,* and the motion made by the defendants in this

case for a nonsuit. At the hearing in this case counsel for defendants moved to strike from the transcript all that portion of the transcript containing the judgment-roll from the United States circuit court. The motion is based upon the ground that this matter has no place in the transcript; that it is not incorporated in any bill of exceptions or statement, and that it cannot therefore be considered in this court. In reply thereto counsel for appellant relies upon a stipulation attached to the transcript which is as follows:

"It is hereby stipulated between counsel for the respective parties in this case that the same shall be heard before the supreme court at the May term thereof upon this transcript, all questions of time of service being hereby waived.

"May 6, 1904.      "JO. W. HUSTON,
         "Attorney for Appellant.
     "HAWLEY, PUCKETT & HAWLEY,
         "Attorneys for Respondent."

It will be observed that this stipulation amounts to nothing more than an agreement that the case shall be heard at this present term upon the transcript to which such stipulation is attached. If it were contended that this stipulation takes the place of a certificate from the trial judge settling a bill of exceptions or statement, that contention would be fully met by *Meinart v. Snow,* 3 Idaho, 112, 27 Pac. 677, and *Van Meter v. Squibb,* 9 Idaho, 160, 72 Pac. 884. In the former case it was held by this court that a bill of exceptions cannot be considered on appeal unless it has been signed and certified by the trial judge. In the latter case it was held that the attorneys in the case cannot settle a statement on motion for a new trial by joining in a stipulation or certificate thereto, but that it must also be certified by the trial judge. In this case the judgment recites that, "Witnesses upon the part of the plaintiff were sworn and examined and documentary evidence introduced and plaintiff rested his case." Now, there is nothing in this record which shows or tends to show of what the documentary evidence introduced consisted nor what evidence was given by the wit-

nesses. It is not even shown by this record that the judgment-roll from the United States circuit court was introduced in evidence in the trial of this case. In short, there is no bill of exceptions or statement in the record. ·The motion to strike out what purports to be a certified copy of the judgment-roll commencing at the top of page 15 of the transcript and ending on page 29 thereof, is sustained. This leaves the case here upon the pleadings and judgment. The judgment is regular upon its face, and not being advised as to what was the class or character of evidence introduced by the plaintiff, we are not prepared to say that the trial court erred in granting the non-suit. The judgment will therefore be affirmed, and it is so ordered. Costs are awarded to the respondents.