(No. 5530.   December 22, 1930.)

L. H. GIFFEN and JEANETTE B. GIFFEN, His Wife, Respondents, v. G. W. FAULKNER and ANNA FAULKNER, His Wife, and FRED H. TURNER, as Sheriff of Jerome County, Idaho, Appellants.

[294 Pac. 521.]

Wayne A. Barclay, for Appellants.

E. D. Reynolds, for Respondents.

McNAUGHTON, J.—G. W. Faulkner and Anna Faulkner, appellants, were in possession of certain real property in Jerome county, under a contract to purchase and an escrow agreement with the owner, Alice L. Wyckoff. On June 12, 1928, the Faulkners entered into a contract with respondents, L. H. Giffen and Jeanette B. Giffen. This contract was termed, "Option Agreement to buy Real Estate." In reality it was a contract to purchase, by assignment, appellants' rights under their contract with the owner. The date fixed in the contract for making and taking over the assignment was November 1, 1928. The value of the farm as stipulated in the contract between the Faulkners and the

Giffens was $15,600. The value of the Faulkners' interest or equity is not shown. That is, the amount to be paid the owner for title is not disclosed, but it appears from the evidence the Faulkners were behind in the payments on their contract with the owner.

The Giffens, on the date of their contract, executed and delivered to appellants a note for $500, secured by a chattel mortgage on a team of horses and a Fordson tractor. They agreed in the contract to pay $900 on or before the 1st of November, 1928, and $1400, with interest, on or before November 1, 1929, and in addition to assume appellants' contract with Mrs. Wyckoff.

The Faulkners' contract with the owner was not assignable without the owner's consent, and it was a condition of their contract with respondents that they would procure such consent to the assignment. This the appellants did, upon terms and conditions imposed by the owner, somewhat different from the terms of the original contract entered into by the owner, but all parties, by an instrument in writing, consented to the changes.

This litigation grows out of the last paragraph of the contract between the parties in interest to this litigation. It is as follows:

"It is further agreed that the said parties of the first part will furnish an abstract of title showing said lands to be free and clear of any and all incumbrances of whatsoever kind and nature, except, however, the contract with Mrs. Wyckoff, and the lien for storage water rights in the American Falls Reservoir. Should the second party fail, refuse or neglect to pay the said balance of $900 on or before the said first day of November, 1928, then the $500 so evidenced by a note and chattel mortgage of this date shall be forfeited, and the parties of the first part shall have the right and privilege to foreclose said mortgage according to the law in such cases made and provided, and this contract shall be terminated and of no effect."

From the testimony it appears that an abstract was procured, continued to date, about three weeks prior to Novem-

ber 1, 1928, by a realtor who was instrumental in bringing the pending deal. This abstract was delivered to an attorney by the realtor but the respondents asked the attorney to examine it for the protection of their interests. A few days before November 1st, the respondents asked the attorney the condition of the title and were advised that a transcript of a judgment against appellants had been filed in the county and he was not then willing to pass the title. Later, however, this attorney advised respondents that he did not consider the judgment a lien against the land. No other defect had been pointed out. Respondents desired further advice, and on November 1st, the day contemplated for closing the transaction, took the abstract to another attorney who pointed out three conditions which he considered defects. In the office of the latter attorney, when these conditions were called to the attention of all the parties, Mr. Giffen advised the appellants that he did not care to go on with the matter, and that he would not bother further with it.

A few days later the Faulkners notified the owner, Mrs. Wyckoff, that they would surrender the property to her, and they did so.

The abstract showed the title defective with respect to one defect pointed out by the attorney for respondents. There was a Carey Act lien held by the North Side Land and Water Company, dated March 1, 1926, for $1,128.54, of record and unsatisfied. No other defects were urged at the trial. However, it was later discovered that this $1,128.54 lien had been paid more than a year prior to November 1, 1928, but through oversight or neglect the release had not been recorded. The release was later filed for record, but at this time the Faulkners had abandoned their contract with the owner and had surrendered the premises to the owner. They did not again, after the meeting of November 1st, deliver the abstract to respondents with this correction.

Appellants rely upon *Smith v. Independent School Dist.*, 48 Ida. 295, 282 Pac. 84, in support of their contention that the attorney for the grantees, having notified the grantors of

his approval of the abstract and causing the grantors to believe the grantees would comply with the proposed contract, until the day set for the completion thereof, the grantees waived their right to rescind the contract by reason of defects in the title, and were only entitled to have such defects, if any, remedied upon discovery. The case of *Smith v. Independent School Dist.* was an action by Smith for specific performance of a contract entered into after examination and approval of the title by the attorney for the district. The cases are not analogous. The case at bar is based upon a forfeiture. There was no waiver by the Giffens as to the defects in the title, and no correction of the defect made while the Faulkners were offering, or in position to offer, compliance with the contract.

On the third day of January, 1929, the appellants delivered the $500 mortgage to the sheriff with instructions to sell the team and tractor in satisfaction of the same. This action was thereupon begun by respondents against G. W. and Anna Faulkner, and the sheriff, to restrain the sale. Judgment was had for plaintiffs and defendants appealed.

The contract between the parties in interest to this action was never carried out. It was abandoned or breached. This is not an action in damages for breach of contract. Under the terms of the contract, appellants' right and title to the mortgage they seek to foreclose is dependent upon a right in them to declare a forfeiture. In this behalf the trial court concluded:

"1. That the duty of furnishing an abstract of title showing title to be free and clear of incumbrances, other than the Wyckoff contract, was upon the Faulkners;

"2. That the Faulkners could not require performance by the Giffens until they, the Faulkners, had tendered the abstract of title as provided in the contract;

"3. That the procedure taken by the Faulkners for the foreclosure of chattel mortgage given to secure promissory note for $500, referred to in plaintiffs' complaint and the answer of defendants, was premature."

Appellants' title to the mortgage which they seek to foreclose, derived under the contract, is necessarily based upon a forfeiture. Forfeitures are not favored by the court. (*LaShonse v. Herrick*, 39 Ida. 67, 225 Pac. 1019; *Abercrombie v. Stoddard*, 39 Ida. 146, 228 Pac. 232; *Harris v. Reed*, 21 Ida. 364, 121 Pac. 780.) One may not declare a forfeiture while he himself is in default. . (*Walsh v. Coughlan,* 33 Ida. 115, 190 Pac. 252; *Kessler v. Pruitt*, 14 Ida. 175, 93 Pac. 965.) The duty of respondents, under the contract, to pay the $900 on or before November 1, 1928, was an obligation concurrent with the duty on the part of appellants to "furnish an abstract of title showing said lands to be free and clear of any and all incumbrances," and justifies the conclusions of the trial court that the Faulkners could not require performance by the Giffens until they, the Faulkners, had tendered the abstract of title as provided in the contract. (*Abercrombie v. Stoddard, supra; Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711.) We conclude, therefore, that the court's findings are sustained by the evidence, and the conclusions are sustained by the law.

The judgment is affirmed, with costs to respondents.

Givens, C. J., and Lee and Varian, JJ., concur.

Budge, J., did not participate.