251 P.2d 850

HUNTER v. CLAWSON.

No. 7868.

Supreme Court of Idaho.

Dec. 16, 1952.

Rehearing Denied Jan. 12, 1953.

H. V. Creason, Rupert, and Beckwith & Langley, Twin Falls, for appellants.

Lawrence H. Duffin, Rupert, and Irwin Clawson, Salt Lake City, Utah, for respondents.

316

PORTER, Justice.

By his complaint in this action, plaintiff alleges in substance that William E. Hunter died testate on the second day of September, 1947, owning at the time of his death, some 2,800 acres of real estate situated in Lincoln County, Idaho. That on October 10, 1947, plaintiff was duly appointed Executor of the estate (will) of decedent by the Probate Court of Minidoka County. That on the 28th day of November, 1947, the Probate Court of Minidoka County duly made and entered its order confirming the sale by the plaintiff of a part of said real estate to defendant, Julion Clawson, for the 'sum of $7,200 and requiring $1,440 to be paid at the time of confirmation of sale, and a like sum annually thereafter; and that said order further required the purchaser to execute notes and a first lien mortgage on the property to secure the balance of the purchase price.

That on the second day of December, 1947, the 31st day of December, 1947, and the 16th day of June, 1948, said probate court entered similar orders confirming sales of described parts of said real estate upon similar conditions to defendant, Julion Clawson; and that the four sales covered the entire property in question.

That defendant, Julion Clawson, wholly failed, neglected and refused to make any of the payments on the purchase price of any of the real estate in question as required by said orders of confirmation of sales, and failed, neglected and refused to execute the notes and mortgages required; and is in default on each and all of said sale contracts.

That plaintiff, before said sales were confirmed, delivered to the defendant, Julion Clawson, and his attorney, abstracts of title showing good, marketable title to said real property to be in said estate and which abstracts were fully approved by said defendant and his attorney. That plaintiff has had in his possession a good and sufficient deed conveying all of the right, title and interest of Maude L. Hunter in and to said real estate to said defendant, Julion Clawson.

That defendant, Julion Clawson, is in possession of all said real estate and has been in possession thereof since the 28th day of November, 1947. That defendant, Jerald T. Newcomb, is in possession of said real property by reason of a lease agreement with defendant, Julion Clawson, and is raising a crop of potatoes thereon.

Plaintiff seeks judgment for possession of the lands and decreeing that defendants have no interest therein; for one-fourth of the potato crop as rent; and for a receiver.

By his amended answer, defendant, Julion Clawson, denies that he has failed,

neglected or refused to make any of the payments on the purchase price of any of the real estate involved and denies that he did fail, neglect and refuse to execute the notes and mortgages therein mentioned and denies that he is now in default of any of the provisions, terms and conditions of said sale contracts. He affirmatively alleges that plaintiff has failed to furnish abstracts of title showing good and merchantable title to be vested in said estate and has failed to make a formal demand upon defendant together with a tender of good and sufficient deeds. He further alleges that he has tendered to plaintiff all monies, notes and mortgages as required by said contracts of sale and that plaintiff has refused to accept said tender. He tenders the principal amount owing on each of said contracts together with interest thereon and the notes and mortgages required by the contracts; and prays for specific performance.

Defendant, Julion Clawson, also filed a cross-complaint against cross-defendant, Maude L. Hunter, alleging that such cross-defendant was the owner of a life estate and also a community interest as surviving widow in and to the real estate in question. That on or about the first day of October, 1947, said cross-defendant, in consideration of a certain settlement of a claim of the cross-complainant against such cross-defendant and the further consideration of the payment to plaintiff of the sum of $10 per acre at the rate of $2 down and $2 per year per acre, agreed to convey her interest in the premises to the plaintiff by a warranty deed before the payment by the cross-complainant of the $2 per acre down payment. That said cross-defendant has executed and delivered to the attorney for plaintiff a deed executed by the cross-defendant as grantor naming the cross-complainant as grantee, conveying her interest in said lands to the grantee.

The cause was tried before the court, sitting without a jury. The court made findings of fact favorable to defendants. The court concluded that plaintiff was required to tender to defendant, Julion Clawson, abstracts of title covering the property showing a merchantable title in the plaintiff and cross-defendant, Maude L. Hunter, before demanding payment. That the plaintiff, having acquiesced in the delay of performance until September 15, 1949, was also required to give the defendant, Julion Clawson, notice of a demand for payment and a reasonable opportunity to comply. And that plaintiff failed to meet each of the above requirements and is not entitled to recover on his complaint. The court entered judgment that the defendant, Julion Clawson, have specific performance upon depositing with the court the entire purchase price with interest thereon within the time prescribed by the judgment. Such sum in the amount of $33,358.44 was so deposited by defendant, Julion Clawson. And the court thereupon directed the delivery of the deeds to the lands to Clawson and the payment of the money to plaintiff,

by the clerk of court. From the judgment, the order denying the motion for new trial and order directing the delivery of the deeds and payment of the money, the plaintiff and cross-defendant have appealed to this court.

This cause was before this court on a former occasion. 70 Idaho 324, 216 P.2d 949. We therein determined that the confirmation of the sales by the probate court gave rise to contracts to purchase the property. That upon a breach of such contracts of sale, the plaintiff was not limited to relief as provided by statute in the probate court, but that specific performance, ejectment or any other appropriate equitable proceeding will lie for a breach of the terms of sale.

Appellants make a number of assignments of error, all of which are encompassed by appellants' contention that time is of the essence of the contracts and that respondent, Julion Clawson, having failed to make the down payments as required by the orders of confirmation, became in default, and appellants were entitled to thereupon treat the contracts as at an end and to maintain an action for possession and damages.

Respondents contend that the furnishing of abstracts showing marketable title was a concurrent condition to the payment of the down payment of $2 per acre, and that appellants could not place respondent, Julion Clawson, in default until such abstracts had been tendered.

Respondents further contend that time was not of the essence of the contracts of sale; or if time be of the essence of such contracts, the same was waived; and appellants could not forfeit such contracts of sale without notice of a demand for payment and giving respondent, Julion Clawson, a reasonable opportunity to comply therewith.

The bid for the real estate, the sale of which was confirmed by the order of November 28, 1947, contained the following provision:

"Total purchase price for said property Seven Thousand Two Hundred ($7200.00) Dollars; Fourteen Hundred Forty ($1440.00) Dollars cash upon the acceptance of said bid and approval of abstract of title."

In the order of confirmation it is set out that the bid is made, "subject to the Executor paying all taxes for the year 1947 and furnishing abstract of title showing said premises to be free of all liens and encumbrances." The other bids and orders of confirmation contained provisions of similar import.

The plaintiff offered in evidence twelve abstracts covering the land in question. The certificates on part of said abstracts were dated July 15, 1947, and on part of same were dated August 15, 1947. Apparently by reason of previous dealings, these abstracts were submitted to the attorney for respondent, Julion Clawson, prior to the

death of William E. Hunter. The court found they were returned to the attorney for appellants prior to the sales here in question with an opinion of the attorney for respondent pointing out for correction certain defects in the title. These abstracts, of course, do not contain the proceedings for the administration of the estate of William E. Hunter, nor the proceedings for the sale of the lands to respondent, Julion Clawson. The court found said abstracts were not thereafter returned to respondent, Julion Clawson, or any one authorized by him to receive or examine the same prior to the commencement of this action. Plaintiff also offered in evidence an abstract bearing certificate dated April 12, 1951, showing the pertinent portion of the probate proceedings in the estate of decedent Hunter.

Under the bids and confirmations of sale, the tendering of an abstract to respondent, Julion Clawson, was a concurrent condition with the payment of the down payment provided for in each contract of sale. An actual tender of the abstracts and a demand for payment were necessary to put respondent, Julion Clawson, in default. Kessler v. Pruitt, 14 Idaho 175, 93 P. 965; Abercrombie v. Stoddard, 39 Idaho 146, 228 P. 232; Giffen v. Faulkner, 50 Idaho 190, 294 P. 521.

It is unnecessary for us to determine whether, as contended by appellants, time is of the essence of these contracts of sale. Appellants did not insist or require that each down payment be made forthwith at the time of the confirmation of the sale. On the contrary, appellants surrendered possession of the lands, continued to make sales after there had been no down payments on the preceding sales, and continued to treat the conditional contracts of sale as in force and effect, as found by the court, until September 15, 1949. Respondent, Julion Clawson, contends and it is not seriously denied that the contracts were left open in the hope that the entire contracts could be paid in a lump sum for the benefit of the estate. Such conduct amounts to a waiver of strict compliance with the terms of the contract. Syllabus 2 in Sullivan v. Burcaw, 35 Idaho 755, 208 P. 841, states the rule as follows:

"Where a contract for sale of real estate makes time of the essence, and provides for a forfeiture of the vendee's rights for failure on his part to make payments at certain times, a continued course of conduct on the part of the vendor in failing to declare a forfeiture, thereby leading the vendee to believe that the vendor waives a strict compliance with the terms of the contract, works a waiver of the vendor's right to declare a forfeiture, unless and until he gives the vendee reasonable notice of his intention to do so, and a reasonable opportunity to make the delinquent payments."

See also, Berding v. Northwestern Securities Co., 36 Idaho 384, 211 P. 62; Black

320

on Rescission and Cancellation (2d Ed.) p. 623, sec. 219. Appellants never at any time prior to the institution of this suit, made formal demand for the payment of the down payments or served any notice requiring respondent, Julion Clawson, to make such payments within a reasonable or any time.

We will not determine the effect of the various tenders made by respondent, Julion Clawson, prior to suit as the trial court did not predicate its decision thereon nor is such determination necessary to the decision of this appeal.

The trial court did not err in finding that plaintiff was not entitled to recover upon his complaint and in decreeing specific performance of the contracts of sale. The judgment of the trial court is affirmed. Costs awarded to respondents.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.