561 P.2d 388

Roy E. FAJEN, Plaintiff-Respondent,

v.

Jack POWLUS and Stella Powlus, husband and wife, Defendants-Appellants,

and

Agricultural Testing & Consultants, Inc., a corporation, Defendant.

No. 12071.

Supreme Court of Idaho.

March 7, 1977.

Rehearing Denied April 1, 1977.

John C. Hepworth, of Hepworth, Nungester, Felton & Hart, Buhl, for defendants-appellants.

Lloyd J. Webb, of Webb, Burton, Carlson & Pedersen, Twin Falls, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a judgment decreeing a forfeiture of a contract vendee's interest in real estate and also from the denial of a motion to file a counterclaim for specific performance of that contract. We reverse.

This is the second appeal by these same parties and many of the facts and circumstances are set out in our earlier opinion. See, Fajen v. Powlus, 96 Idaho 625, 533 P.2d 746 (1975) (hereinafter "Fajen I").

Samuel B. (now deceased) and Lucille E. Smith were the owners of Lots 2, 3 and 4 of Woods Addition in Twin Falls, and on April 20, 1969, they entered into an agreement of sale wherein defendants-appellants, Jack and Stella Powlus, were to purchase Lot 4 for $22,000.00 plus interest. Monthly installments were in the amount of $250.00 and if the Powluses were to lease the premises, the income so received was also to be applied to the purchase price. When the Powluses had paid $4,000.00 on the purchase price, the Smiths were required to provide a policy of title insurance showing good and merchantable title with the Smiths bearing the expense of such insurance. Assignees of the Smiths would be expressly bound by those provisions. Also included was a standard "time of the essence" provision which granted the Smiths or their assigns the option to declare the contract at an end if the Powluses failed to make the contract payments, but written notice "of the matters in regard to which they are in default" was required to be given the Powluses together with a thirty day period to cure the default.

From the outset of the Powlus' possession of the property they leased the property to Agricultural Testing & Consultants. While at all relevant times the Powluses made the $250.00 monthly installment payments, they nevertheless, never applied any rent received from Agricultural Testing to the purchase price. Such constituted a breach of the contract by the Powluses, but the Smiths never demanded augmentation of the monthly payment amounts nor have the Powluses ever been given notice of default in connection therewith.

In February 1970, the Smiths, reserving to themselves a life estate to all three lots, conveyed the remainder interest to plaintiff-respondent Roy E. Fajen. In December of 1970, the Powluses had completed the payment of more than $4,000.00 on the contract purchase price and demanded of Smiths and Fajen the tender of a policy of title insurance. No compliance with that demand has been forthcoming to and through the time of trial. Thereafter, the Powluses continued to make the $250.00 monthly payments and the Smiths continued to accept those payments without any protest. In 1973, Lucille Smith, then a widow, transferred the life estate to Fajen. On March 16, 1973, Fajen filed an action (Fajen I) against Powluses to quiet title, which according to the district court gave notice to Powluses that their failure to assign and pay over the rent receipts would no longer be countenanced. Powluses thereafter have not paid over the rent receipts.

In Fajen I, the trial court ruled that Fajen's interest in Lot 4 was subject to Powlus' prior contract purchasers interest. An appeal from that decision of the trial court was taken and we affirmed, although we reversed on other issues. While that appeal was still pending, Fajen filed the instant action seeking forfeiture of Powlus' interest in Lot 4.

On the date of trial of the instant action, Powluses filed an amended answer asserting as a defense to forfeiture that neither Fajen nor Smith had provided a title insurance policy showing marketable title as was required by the contract. Powluses also sought to assert a counterclaim for specific performance requiring Fajen cure the defect in title and deliver the title insurance policy. The Powluses expressed their willingness and ability to tender full performance of the contract thereafter. The court allowed the amendment of the answer, but denied the filing of the counterclaim.

At trial the Powluses proved without contravention that the building encroached

248

upon Fajen's ownership in Lot 3 by some nine inches. They further proved, and it is not controverted, that title insurance could not be obtained to cover such a defect in title. At the conclusion of the trial the district court granted the forfeiture as prayed for by Fajen.

It is undisputed that from the outset of the contract, the Powluses were in breach by failing to pay over the rental receipts. It is also undisputed that at least until the institution of the *Fajen I* action, the Smiths and/or Fajen failed to object to such nonpayment or to give notice of the default in Powlus' performance of the contract. It will be remembered that the contract explicitly required such notice to effect a forfeiture.

■ Failure to give a required notice waives strict performance of the contract as to all inadequate payments and until such time as adequate notice of default is given.

"Where a contract for sale of real estate makes time of the essence, and provides for a forfeiture of the vendee's rights for failure on his part to make payments at certain times, a continued course of conduct on the part of the vendor in failing to declare a forfeiture, thereby leading the vendee to believe that the vendor waives strict compliance with the terms of the contract, works a waiver of the vendor's right to declare a forfeiture, unless and until he gives the vendee reasonable notice of his intention to do so, and a reasonable opportunity to make the delinquent payments." *Sullivan v. Burcaw*, 35 Idaho 755, 763, 208 P. 841, 843 (1922). *See also, Stockmen's Supply Co. v. Jenne*, 72 Idaho 57, 237 P.2d 613 (1951); *Singleton v. Foster*, Idaho, 559 P.2d 765 (1977).

■ As to the Powlus defense to the action involving the failure to deliver the policy title insurance, Fajen argues that such was not an issue before the trial court. We do not agree. Powlus' motion to amend the answer to include that defense was granted by the trial court, the issue was litigated and the facts uncontroverted. Fajen also argues that since he was only an assignee of the contract, he had no duty to comply with the contract and tender the title insurance policy. That argument is demonstrably unsound in view of this Court's previous opinion in *Fajen I*, holding that Fajen's right to title to Lot 4 was subject to the contract rights of the Powluses. An assignee can be in no better position to enforce a contract or declare a forfeiture than would have been his assignors. As assignees they are subject to any defense which could have been raised against the assignor. *Southern v. Southern*, 92 Idaho 180, 438 P.2d 925 (1968); *Anderton v. Waddell*, 86 Idaho 220, 384 P.2d 675 (1963).

■ The duty to deliver the policy of title insurance matured when the Powluses had paid $4,000.00 on the contract and they demanded the policy. It is uncontroverted that such point was reached in December of 1970. It is also uncontroverted that neither Smith nor Fajen tendered or delivered that policy of insurance. It is also uncontroverted that the building located on Lot 4 encroached upon the adjoining Lot 3 by nine inches, and that such encroachment constituted a defect which necessitated remedy before a title insurance policy would issue. Fajen owned said Lot 3.

■ Powluses cannot be required to perform their obligations under the contract and yet be compelled to take something less than that for which they bargained. A purchaser of real property who bargained for marketable title thereto cannot be required to accept property with an admitted cloud on the title. Unless and until the encroachment is cured or title to that portion of Lot 3 upon which the building rests is merged with title to Lot 4, appellants cannot be compelled to purchase the property. *Bell v. Stadler*, 31 Idaho 568, 174 P. 129 (1918); *Boyd v. Boley*, 25 Idaho 584, 139 P. 139 (1914).

On the other hand, as stated in *Giffin v. Faulkner*, 50 Idaho 190, 195, 294 P. 521, 522 (1930):

"Forfeitures are not favored by the court. [citations] One may not declare a forfeiture while he himself is in default. [cita-

tions] The duty of respondents, under the contract, to pay the $900 on or before November 1, 1928, was an obligation concurrent with the duty on the part of appellants to 'furnish an abstract of title showing said lands to be free and clear of any and all incumbrances,' and justifies the conclusions of the trial court that the Faulkners could not require performance by the Giffins until they (the Faulkners) had tendered the abstract of title as provided in the contract."

In the case at bar, Fajen was himself in default of the contract and not entitled to forfeiture and the trial court's granting of forfeiture was error.

The granting or denial of a motion made on the date of trial for permission to file a counterclaim ordinarily lies in the sound discretion of the trial court. *Dairy Equip. Co. of Utah v. Boehme*, 92 Idaho 301, 442 P.2d 437 (1968). However, the instant cause must be remanded for further proceedings which obviously will require additional trial. Any prejudicial surprise which might have resulted to Fajen in the granting of the Powlus' motion to file a counterclaim is obviously dissipated. Upon remand therefore the district court is directed to entertain additional pleadings by either party for specific performance or rescission. *See*, I.R.C.P. 15(a); *State v. Palmlund*, 95 Idaho 150, 504 P.2d 1199 (1972); *Markstaller v. Markstaller*, 80 Idaho 129, 326 P.2d 994 (1958); *Harbel Oil Co. v. Steele*, 1 Ariz. App. 315, 402 P.2d 436 (1965).

Judgment of the district court is reversed and the cause remanded for further proceedings consistent herewith. Costs to appellants.

McFADDEN, C. J., and DONALDSON, BAKES, and BISTLINE, JJ., concur.